IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ERVIN RAY SMITH,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIV 24-315-RAW-DES |
| **CITY OF EUFAULA, et al.,** | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

  Plaintiff Ervin Ray Smith, a pro se pretrial detainee who is incarcerated in the McIntosh County Jail in Eufaula, Oklahoma, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Dkt. 1 at 2). He is seeking monetary damages for alleged constitutional violations occurring when his vehicle was searched on May 25, 2024, in Eufaula. *Id.* at 6, 8. The defendants are the City of Eufaula and Eufaula Police Officers Trent Casinger and Timothy Bryan. *Id*. at 3-4.

  Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

  A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various

mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id.* A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).

Plaintiff is alleging Officer Trent Casinger performed an illegal search and seizure on his vehicle with "[a]bsolutely no permission or probable cause to search." (Dkt. 1 at 6). Officer Casinger allegedly testified that the smell of air freshener coming from the vents on Plaintiff's car led to the search. *Id.*

The Court has carefully reviewed the complaint and construes Plaintiff's pro se pleading liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). This relaxed standard, however, does not relieve his burden of alleging sufficient facts on which a recognized legal claim could be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Because Plaintiff is raising issues related to his criminal prosecution, the Court finds this civil rights complaint is not the proper vehicle to pursue his claims. Instead, the Court finds Plaintiff's claims must be presented in a petition for a writ of habeas corpus under 28 U.S.C. § 2241. "[A] a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241." *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (citations omitted).

To the extent Plaintiff seeks compensatory damages for his alleged unconstitutional search and seizure, he first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (citing 28 U.S.C. § 2254). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction

or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*.

**ACCORDINGLY,** this action is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A (b)(1) for Plaintiff's failure to state a claim upon which relief may be granted. Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. 4) is DENIED as moot.

**IT IS SO ORDERED** this 24th day of September 2024.

Ronald A. White
United States District Judge
Eastern District of Oklahoma